### BARRY v. JONES. (No. 2213.)

(Court of Civil Appeals of Texas. Texarkana. March 11, 1920.)

1. TRESPASS TO TRY TITLE ⏝6(1)—PLAINTIFF MUST CONNECT HIMSELF WITH SOVEREIGNTY OF SOIL OR COMMON SOURCE.

In trespass to try title to land in possession of another, the plaintiff must connect himself with the sovereignty of the soil, or show a common source or agreement as to a common source.

2. ADVERSE POSSESSION ⏝43(3) — GRANTEE HAS RIGHT TO AVAIL HIMSELF OF ADVERSE CLAIM EXERCISED BY GRANTOR.

Grantee has a right to avail himself of adverse claim exercised by his grantor to boundaries recited in deed.

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Trespass to try title by Mary E. Barry against Ed Jones. Judgment for defendant, and plaintiff appeals. Affirmed.

Sid Crumpton, of Texarkana, for appellant. Johnson & Tidwell, of New Boston, for appellee.

HODGES, J. This suit was instituted by the appellant against the appellee in the form of an action of trespass to try title to recover a small tract of land described as a part of the Eskell survey, in Bowie county. The appellee pleaded not guilty and the five and ten year statutes of limitation. The testimony tended to show a dispute as to the location of the true boundary line between lands owned by the parties to the suit. The appellant claimed a subdivision of the Eskell survey known as the Hooks land, and the appellee claimed a part of the same survey known as the Talbot land. The appellant produced in evidence a deed from T. W. Hooks, administrator of the estate of C. Hooks, executed in 1869, conveying, as she alleged, the land in controvesy to Mrs. Lucy A. Smith, and a deed from Mrs. Lucy A. Smith, executed in 1877, conveying the same land by the same description to her. The appellee claimed under deeds from Wyatt executed in 1916. The case was tried before the court without a jury, and a judgment was rendered in favor of the appellee.

The court, in substance, found that the true boundary line between the two tracts of land was at the point claimed by the appellee. He also found that the defendant and those under whom he claimed had held the land a sufficient length of time under an adverse claim to perfect title under both of the five and ten year statutes of limitation. The two assignments of error presented in appellant's brief contend that the court's findings and conclusions are not sustained by the evidence.

[1, 2] We have carefully examined the statement of facts, and have concluded that we would not be justified in reversing the judgment upon those grounds. The appellant did not connect herself with the sovereignty of the soil, and there is no evidence in the record of any common source or any agreement as to a common source. There was testimony which tended to show that the land in controversy was embraced in what was known as the Wyatt claim, and was included in the deed from Wyatt to the appellee. The appellee's evidence showed that the Wyatts had inclosed the land, as early as 1902, with a larger tract, and that the greater portion of that tract had been cultivated and used for many years. While the small tract here in dispute was not in cultivation, it was in the same inclosure and was used for a pasture. The court having found that appellee's deed included the land in controversy, the latter had the right to avail himself of the adverse claim exercised by the Wyatts.

It is unnecessary to discuss in detail the various phases of the evidence.

The judgment will be affirmed.